[Cite as *State v. Henry*, 2012-Ohio-4748.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

       Plaintiff-Appellee

v.

CHRISTOPHER D. HENRY

       Defendant-Appellant


Appellate Case No. 25007

Trial Court Case No. 11-CR-829


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the   12th   day of   October  , 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellee

JESSICA R. MOSS, Atty. Reg. #0085437, 2233 Miamisburg-Centerville Road, Dayton, Ohio 45459
       Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

    **{¶ 1}**    Defendant-appellant Christopher D. Henry appeals from his conviction and sentence,

following a no-contest plea, for Receiving Stolen Property, in violation of R.C. 2913.51(A), a felony of the fourth degree, and for Possession of Criminal Tools, in violation of R.C. 2923.24(A), a felony of the fifth degree. Henry contends that the trial court erred in overruling his motion to suppress evidence obtained by means of the placing of a GPS tracking device on the underneath of a car he was driving, without a warrant. Henry relies upon *United States v. Jones*, 565 U.S. ____, 132 S.Ct. 945, 181 L.Ed.2d 911 (2012).

{¶ 2} The State does not concede that under *Jones* the police were required to obtain a warrant in order to place the GPS tracking device. But the State does not argue this point; the State argues that the good-faith exception to the exclusionary rule applies because the police officer placing the device did so in objectively reasonable reliance upon non-binding judicial authorities in other jurisdictions. The State did not argue good faith at the suppression hearing, and no evidence was presented at the hearing that the officer who placed the GPS device did so in reliance upon judicial authorities. Moreover, when Henry attempted to question the police officer concerning whether the police officer believed that he had the authority to place the GPS device without a warrant, an objection to the question was sustained upon the ground that it was not relevant.

{¶ 3} The State relies upon *Davis v. United States*, ____ U.S. ____, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011), which holds that a police officer's reliance upon binding judicial authority is objectively reasonable, even when that authority is subsequently reversed or overruled. The State argues that the result should be the same even if there is non-binding, persuasive judicial authority to support the police officer's actions. But the opinion in *Davis* expressly distinguishes its holding from situations where the question of the lawfulness of the police officer's action remains open in the governing jurisdiction. 131 S.Ct. 2433.

{¶ 4} We agree with Henry that a warrant was required for the placing of the GPS tracking device upon the car he was driving, and that the evidence obtained as a result of the placing of that device should have been suppressed. Accordingly, the judgment of the trial court is Reversed, and this cause is

Remanded for further proceedings.

## I.  The Placing of the GPS Tracking Device

**{¶ 5}**  Centerville Police Officer Daniel Osterfeld was aware that a number of thefts had been occurring at car dealerships on Loop Road, in Centerville.  Osterfeld knew that Henry had been involved previously in thefts from car dealerships.  Osterfeld knew that Henry had been released from prison in May 2010.

**{¶ 6}**  When Osterfeld learned that Henry had been arrested on an outstanding traffic warrant and that the car he was driving, which he had previously been observed driving, had been towed, Osterfeld decided to place a GPS tracking device on the car.   Henry did not own the car.

**{¶ 7}**  Osterfeld went to the lot where the car had been towed, and identified himself as a police officer.  He asked to see the car.  Osterfeld placed a GPS tracking device, and a supplemental battery pack, on the underneath of the car.  Both the tracking device and the battery pack were attached to the car magnetically; they were not otherwise attached to the car.  The tracking device provided the location and speed of the car, but not any other information concerning the car.

**{¶ 8}**  For several weeks while Osterfeld and other officers periodically checked the information from the tracking device, nothing of note occurred.  Then, on the night of December 28-29, 2010, the car traveled to Columbus, Ohio, and back.  Osterfeld was aware that car dealerships in Columbus and its suburbs had been experiencing thefts.  Osterfeld decided to go to the location of the car.

**{¶ 9}**  Osterfeld caught up with the car in front of a convenience store on North Main Street, in Dayton.  Henry and another man walked out of the front door of the store and spoke for a couple minutes.  Then Henry opened up the back of the car and removed three large chrome truck tires, which were wheeled in to the store.

**{¶ 10}**  Henry left and came back with five more wheels.   At that point, he was arrested.

## II. The Course of Proceedings

{¶ 11}   Henry was charged by indictment with Receiving Stolen Property and Possession of Criminal Tools.   He moved to suppress the evidence obtained when he was arrested, contending that it was obtained as the result of an unlawful search and seizure.   Specifically, he contended that the placement and monitoring of the GPS tracking device constituted a search, that the search was unlawful because it was performed without a warrant, and that the evidence was obtained as a result of that unlawful search, and should therefore be excluded.

{¶ 12}   After a hearing, the trial court overruled Henry's motion to suppress.   Thereafter, he pled no contest to both charges, was convicted, and was sentenced accordingly.   From his conviction and sentence, Henry appeals.

## III. The Placing and Monitoring of the GPS Tracking Device Was a Search, and Because it Was Without a Warrant, it Was Unlawful, and the Evidence Obtained as a Result Should Have Been Suppressed

{¶ 13}   Henry's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS WHEN IT RULED THAT THE WARRANTLESS PLACEMENT OF THE GPS DEVICE ON THE UNDERCARRIAGE OF THE VEHICLE FREQUENTLY DRIVEN BY APPELLANT DID NOT CONSTITUTE A SEARCH UNDER THE FOURTH AMENDMENT TO THE UNITED STATED [sic] CONSTITUTION OR UNDER SECTION 14, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 14}   Henry relies upon *United States v. Jones, supra.*   The State acknowledges that *Jones* holds that the placement of a GPS tracking device requires a warrant, but contends that the good-faith exception to the exclusionary rule applies.   The State relies upon *Davis v. United States, supra*.

{¶ 15}  We note preliminarily that the State never raised the good-faith-exception issue in the trial court, before, during, or after the suppression hearing.  In fact, when Henry attempted to elicit testimony from Osterfeld germane to that subject, the State objected, and its objection was sustained on the ground of relevance:

> Q.  Do these GPS devices, do you believe that law enforcement should have the authority to install these without –
>
> MS. DENSLOW [representing the State]: Objection.
>
> BY MR. COMBS [representing Henry]:   – a warrant?
>
> THE COURT: Sustained.

MR. COMBS: Your Honor, he – he – he says he uses them.  I'm just asking his opinion about using them.

THE COURT: His opinion is meaningless.  It's my decision.

{¶ 16}  More importantly, we conclude that the State's reliance upon *Davis* is misplaced.  The State recognizes that the holding in that case was that when a police officer relies upon binding judicial authority upholding the lawfulness of the search he undertakes, his reliance is objectively reasonable, and therefore in good faith, despite the fact that the judicial authority upon which he relies is subsequently reversed or overruled.  The State argues that the holding in *Davis* ought to extend to a police officer's reliance upon persuasive, non-binding judicial authority.  The State then points to a number of judicial decisions, none of which were binding in this jurisdiction, that upheld warrantless use of GPS tracking devices.

{¶ 17}  The opinion in *Davis*, itself, belies the State's position.  Justice Alito wrote the opinion of the Court, in which five other justices concurred.  The defendant in that case, Davis, argued that "applying the good-faith exception to searches conducted in reliance on binding precedent will stunt the development of Fourth Amendment law.  With no possibility of suppression, criminal defendants will have no incentive * * * to request that courts overrule precedent."  131 S.Ct. 2432.  In response to this argument, Justice Alito wrote:

> And in any event, applying the good-faith exception in this context will not prevent judicial

reconsideration of prior Fourth Amendment precedents. In most instances, as in this case, the precedent sought to be challenged will be a decision of a Federal Court of Appeals or State Supreme Court. But a good-faith exception for objectively reasonable reliance on binding precedent will not prevent review and correction of such decisions. This Court reviews criminal convictions from 12 Federal Courts of Appeals, 50 state courts of last resort, and the District of Columbia Court of Appeals. If one or even many of these courts uphold a particular type of search or seizure, *defendants in jurisdictions in which the question remains open will still have an undiminished incentive to litigate the issue*. This Court can then grant certiorari, and the development of Fourth Amendment law will in no way be stunted. *Id.*, at 2433. (Footnote omitted, emphasis added.)

**{¶ 18}** From the italicized portion of Justice Alito's opinion for the United States Supreme Court in *Davis*, it is clear that the holding in that case, upon which the State relies in this case, has no application in a situation, like the one before us, where the jurisdiction in which the search was conducted has no binding judicial authority upholding the search.

**{¶ 19}** In a footnote in its brief, the State notes that it is not conceding that the Fourth Amendment was violated in this case because *United States v. Jones, supra*, leaves open the question whether a warrantless use of a GPS tracking device is lawful if the police have probable cause to support the search. Significantly, the reason the United States Supreme Court did not address that issue in *Jones* is because it was not raised in the trial court, and was therefore forfeited. 132 S.Ct. 954.

**{¶ 20}** Here, also, the State's argument that the placement of the GPS tracking device, if it constituted a search, was reasonable despite the lack of a warrant, was not made in the trial court. Henry filed a Supplemental Memorandum in Support of [his] Motion to Suppress, in which he identified the issues as follows:

I. Whether law enforcement officers are required to obtain a warrant prior to placing a Global Positioning System (GPS) tracking device on a vehicle located on private property; and

II. Whether law enforcement officers are required to obtain a warrant prior to monitoring and collecting data from that GPS after placing it on that vehicle.

**{¶ 21}** Neither at the suppression hearing, nor in its memorandum in opposition to the motion to suppress, did the

State argue that even if the placement and monitoring of the GPS tracking device constituted a search for Fourth Amendment purposes, it was based upon probable cause, and therefore lawful. The State's memorandum argued solely that the placement of the GPS tracking device did not constitute a search.

{¶ 22} The trial court wrote a well-reasoned decision overruling the motion to suppress. (It did not, of course, have the benefit of the decision of the United States Supreme Court in *United States v. Jones*.) Unsurprisingly, in view of the State's failure to argue the point, the trial court did not consider, in the alternative, whether the placement of the GPS tracking device, if it constituted a search, was nevertheless supported by probable cause, and therefore lawful.

{¶ 23} We conclude, therefore, just as the United States Supreme Court similarly concluded in *Jones*, that the State has forfeited an argument that the placement of the GPS tracking device was a lawful search, even though it was warrantless. The suppression hearing was not made up on that issue.

{¶ 24} Henry's sole assignment of error is sustained.

## IV. Conclusion

{¶ 25} Henry's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Jessica R. Moss
Hon. Michael Tucker